We're here our next case extra energy versus the Department of Workers compensation programs and Mr. Greg Arachi Would be happy to hear from you Yes, may it please the court mark our garage you representing the petitioner extra energy I think I've reserved about five minutes for a rebuttal. So mr. Lawson. It's coal miner He has 12 years of surface coal mine employment that ended in 2014 He also has a very heavy smoking history consisting of about one pack per day for 30 years Starting at around at around age age 16 Then regularly smoking by age 24 through age 55 in this federal black lung claim Mr. Lawson has the burden of proving that he has a chronic lung disease or impairment arising out of coal mine employment I eat that he has legal pneumoconiosis on these facts. This federal black lung case raises a simple question Does mr. Lawson or does the claimant prove black lung merely with a formula that? smoking plus coal mine dust exposure equals legal pneumoconiosis They LJ and BRB Below think that this formula is enough However, this formula is an abandonment of the required analysis of medical evidence in federal black lung claims Worse it was used to impose the burden of proof on the employer to explain why mr. Lawson doesn't have legal pneumoconiosis however No explanation could ever be accepted by the administrative law judge According to the administrative law judge the effects of smoking and coal mine dust exposure must always be additive Smoking and coal mine dust exposure must always combine to cause pulmonary impairment Nothing can ever separate the two effects and hence There's always legal pneumoconiosis when you have a coal miner who smoked this is a fundamental error law requiring reversal of the Award of benefits in this case. Would you say that American Energy our recent case is the case that? Probably is guiding quite a bit of your discussion today. Yes, your honor. It is and if we agree with you and The case has just come out. Should we just send that back and allow this matter to be considered in light of that case? That is an option your honor. I think if you if this court were to view mr Lawson's experts under the standard of American Energy. It's going to be clear that mr. Lawson didn't even meet his burden of proof So in that situation Failure burden of proof the evidence at best is tied. The petitioner should win When we look at the previous cases Cochran and the others and then American Energy comes around I think it can be distinguished I don't think it's a conflict there. It's just a different type of case But it did add something to the law that was present when this matter was being Decided by the AOJ and others so if we did Agree with you It just seems like it's a case that's more right to send back and allow the bodies in the first instance to Consider this matter in that light Because they considered under previous cases. It would seem to me is that we very well could say They did everything right? Could I'm saying but it becomes very difficult when you're looking at American Energy. So You follow me on that judge when I Respect your position. I respect that that argument. I I think American Energy clarified what was already the burden of mr. Lawson to prove the Prove his claim and if I think if you take those previous cases and American Energy Recognizing that mr. Lawson always had the burden to prove that he has Lung disease arising out of coal mine dust exposure when his experts say well sure He has legal pneumoconiosis and you say why they say well because he smoked and has coal mine dust exposure That's a failure of the burden of proof. I think even if this were to be sent back and For reconsideration and say well, what's the outcome the outcome should be that he has failed in his burden of proof But if this court were inclined to to reverse and remand that is I mean that certainly is an option And that's better than an affirmance of this award of benefits because it's clear Substantial evidence does not support the award of benefits. I mean we have We have the ALJ the administrative law judge Finding the mr. Lawson's medical experts credible simply because they say he's got these dual risk factors of Smoking and coal mine dust exposure. They must be additive. So we're going to add them together There's the formula smoking plus coal mine dust exposure must equal legal pneumoconiosis But American Energy and this courts other decisions also make it clear. That is not enough You can't simply just add them together and say well, there's legal pneumoconiosis. We can't figure out which one is which it's on the claimants on mr. Lawson to present affirmative evidence that he has a connection to coal mine dust exposure and It's very clear in this case that they ALJ the the the administrative law judge. The only reason That the administrative law judge is finding mr. Lawson's experts credible is because they identify these two risk factors, I mean That as to dr. Forehand one of mr. Lawson's experts the administrative law just says that well, dr Forehands opinion quote is Consistent with the medical evidence and the resolution by the Department of Labor to scientific and medical issues concerning the effects of smoking and coal Mine dust exposure. Oh, there it is. He said both of those two things must be well reasoned American Energy and this courts previous decisions say that such an analysis is completely invalid It was done again as to dr. Green one of mr. Lawson's other experts According to the administrative law judge this this opinion from dr. Green is credible because It's generally quote generally well reasoned and documented as well as consistent with the regulations and their scientific and medical Basis as set forth in the preamble. Well this court in American Energy Said that it's invalid prejudicial legal error for an administrative law judge to credit a medical experts opinion of legal pneumoconiosis Merely because it's consistent with the preamble. That is exactly what the ALJ said. What about the Westmoreland case? I mean, that's the case in which the court did consider a situation where it was testimony that both Dust and cigarette smoke were causes the court there took the position that was enough for the ALJ's conclusion That these ailments were caused in part by the coal mine dust How does that case? How do you? address that case in terms of this application here Judge when we have to look then to the further explanation and clarification From American Energy because I think I think the Westmoreland case that you're talking about was wrongly decided. I think when when a physician is saying as In this case. Well, it was wrongly decided Who can overturn it? well, this court has as the published decision in American Energy, which sets forth the appropriate standard for Assessing the medical opinions in this case. We've got to reconcile it. Don't we I mean We wouldn't say that American Energy came back and overruled or set aside our opinion in Westmoreland Would we know your honor? I think we're gonna reconcile the two opinions I mean, I'm you know, it's just the way I'm not saying it can't be done. But but to say it was wrongly decided It may have been But we can't come back and say we can't write something say it was wrongly decided from a previous panel or previous decision That's correct and Apologize judge when I'm not suggesting that this court or this this panel would reverse Westmoreland What so my point being is and I'm not being argumentative I'm just saying that if American Energy changed the legal landscape and That was not the benefit that the ALJ or the BIE had in making its decisions It would seem to me that if we did agree with you It just wouldn't doesn't seem appropriate to just reverse it because they didn't have that We don't know how this would have played out there, even though you strongly feel one way or the other. That's that's the point. I understand that position I disagree with it judge win, but as I that is an option if there is a One option in this case is not to affirm the award of benefits. I mean that that is not an option Take anything you can get the first instance, but you like more correct, your honor, and I think when That it has always been in American Energy stated essentially as much it has always been mr. In this type of case Mr. Lawson as the claimant in this federal black loan claim has always had the burden of proof he has got to put forth evidence that his COPD is not due to 30 years of smoking But he's got to show that it's at least due to 12 years of coal mine employment and what his physicians here say what his experts say is well Yeah, you've got both factors. They must combine and therefore he has legal pneumoconiosis under the previous cases and under American Energy that is legally deficient and Again, we have the administrative law judge here as to the third expert. Dr. Raj just to round that out Making it very clear that it's simply the identification of these two dual risk factors that could be causing mr. Lawson's Obstructive lung disease. That's the reason why these opinions are credible. So the the administrative law judge indicated that Dr. Raj's opinion on this legal pneumoconiosis is quote consistent with the regulations and their scientific and medical basis well What he's saying there is Dr. Raj has identified smoking identified coal mine dust exposure the preamble and the regulations say that those can be additive The the administrative law just takes it a step further adds them together and says there it is There's your legal pneumoconiosis, but American Energy American Energy has Clearly identified that such an analysis is complete is wholly deficient and it cannot sustain the award of benefits And in fact the analysis and The administrative law judge in this case is remarkably similar to what this court or the panel of this court found wrong in American Energy, I mean they're the administrative law judge the opinions because they identified two risk factors and then there the the administrative law judge said that the experts also identified coal dust exposure as a contributing factor and then that they were just consistent with the Regulations in the preamble that kind of analysis which was done in this case as to the three experts relied on by mr Lawson is wholly invalid And we know here That it's clear that these three experts. Dr. Forehand. Dr. Raj and dr. Green Have reached their conclusion as to legal pneumoconiosis So that is lung disease arising out of coal mine employment simply by doing a formula add smoking add coal dust exposure There's your conclusion Dr. Forehand he states because if you if you drill down deep into their their opinion, dr. Forehand states that Why is there legal pneumoconiosis? Well, here's the answer because there's quote parallel exposure to cigarette smoke for 27 years and occupational exposure to coal mine dust Okay. Well both factors exist. Which one is it? That's the problem. Dr. Green is no better. Dr Green indicates that smoking quote smoking The smoking history is a factor to be considered in the diagnosis This gentleman's 12-year occupational history of exposure to respirable coal and rock dust is an additional significant factor Well, we understand that. Where is the rest of the analysis and Dr. Raj makes it even clearer that it simply is a formula that they're applying without any analysis. Dr Raj whom mr. Lawson relies on says that Mr. Lawson has Quote COPD resulting from exposure to coal slash rock dust for a total of 12 years in coal mine employment and cigarette smoking both smoking and coal slash rock dust are Rock dust exposure are well known risk factor to cause COPD That is the extent of the analysis both factors exist American Energy said that The claimant cannot prove Legal pneumoconiosis, which is what mr. Lawson has to prove by solely relying on evidence equally indicative Indicative of coal dust induced lung disease and smoking induced lung disease. Sometimes it's best Not to make a simple Matter complicated Um Woody Guthrie that you feel with Woody Guthrie, who's a great American troubadour and he said He said any fool can make a man can make a matter complicated Only a genius can make it simple. And so I'm asking you Why it's any more complicated Than having a dueling set of experts Come to different conclusions and the ALJ credited one section one set of experts But Why isn't that a matter of credibility? Why isn't that the very thing that? ALJ is supposed to do and This Wasn't something where an ALJ ran off the tracks He said that the coal mine employee employment had contributed in substantial part to the total disability The ALJ made a credibility finding and why isn't that the sum and substance of it? I It's a in this case There was no battle of the experts nor was there any credibility assessment What we have here is the administrative law judge Coming in to this case and saying the physicians that say mr Lawson's 30 year smoking history is Is not the cause the sole cause of his impairment those Are credible why because they say he's a coal miner who smoked That is not a credibility analysis. That is not an assessment of the experts I see my time is expired. That's a unless One of my co-panelists has questions. Oh Mr. Austin, let's hear your side of it Good morning, Judge Wilkinson may it please the court Can you get the microphone as close as possible because there's a very cavernous courtroom and the acoustics allows it Sure, it was my honor to be here yesterday on a separate case that I'm happy to be back this morning It's always a pleasure to be before the Fourth Circuit may it please the court. I'm Brad Austin I represent the coal miner in this case. Mr. Glenn Lawson Judge Wilkinson, I appreciated the last question. You asked a mr. Gujarati. That's the very point I'm here to make today in this case It was a battle of the experts the administrative law judge considered five different medical opinions Separately gave weight to three gave less weight to two. That is a battle of the expert That is a substantial evidence consideration and this court as it knows does not Go in and relay the evidence. It applies a deferential substantial evidence analysis We can always pick it apart and we can always redo it everything but I Don't know the ALJ or nobody invoked the interim presumption Because it wasn't a full 15 years of employment But even The law doesn't say That the claimant can't prevail Even in cases where the interim presumption is not invoked. Absolutely, and So This gentleman had a Long-smoking history and he had a 12-year history of coal mine employment and The ALJ took that into account. There was no misapprehension about the smoking history or or about the Length of the coal mine employment. He didn't commit legal error. Correct in invoking the interim presumption Which which would have been reversible error but you know At the end of the day Why isn't it a matter of Dueling sets of experts I can pick it apart if I've You know, I can always pick it apart. Absolutely, but the question is in picking it apart Do I lose the forest for the trees? You would your honor and you know, I'm gonna cut to the chase I think I could tell in mr Grigorochi's questions that you asked you you have a great grasp of this case and I want to talk about American Energy Because I think that is I appreciated judge wins question In the wake of American Energy, you know how do we handle these federal black lung cases when we have dueling experts and I think American Energy is very Distinguishable on both the facts the medical reports and what the ALJ did in American Energy American Energy judge when did not change the landscape what it did was within that particular case It identified that an administrative law judge needed to do more In how they write a medical or how they write a an ALJ opinion in American Energy The judge simply said I am crediting the doctors who say things that comply with the preamble and I'm discrediting Those who don't but in this case the administrative law judge engaged engaged in a detailed Analysis of each of the five doctors in separate paragraphs I've written down about five different things that the judge said about each one of these doctors and at the end of each of those Paragraphs he assigned weight and he didn't assign full weight to claim. It's experts either I think that's a critical point the formula Formulamatic, I guess approach that. Mr. Gujarati is Insisting was applied in this case really was not applied if you look at dr Raj's report the administrative law judge actually said this report is generally reasoned and documented But it's entitled to diminished weight And the reason is that he didn't understand the smoking history in the same way that I found factually judge The ALJ said that he had a 30 pack your smoking history. Dr Raj had a 15 to 30 pack your smoking history at half a pack to one pack per day the judge Fan of standards of review And a district court context to clear a standard means something to me and the abuse of discretion standard means something to me and then in this context The substantial evidence standard means something to me all these standards of review Have one thing in common and that is they preserve As the domain of the ALJ or the trial judge those Particular functions for which they are closest to it in the best position to appraise And then I guess to a question of law That's a wholly different matter because then you have the appellate expertise and the appellate function Coming into a Coming into effect with a de novo standard of review, but where the standard of review is a deferential one and the Substantial evidence and everybody tries to make these factual findings and substantial evidence determinations Into a question of law. We have a lot of you know Sorts of appeals transforming questions of fact into questions of law But I'm wondering again at the end of the day why The Why we should toss? what it was meant to be a deferential standard of review Aside you you shouldn't judge Wilkinson. That's that's my point. I totally agree with you. You shouldn't toss it aside But I do think it's important to distinguish American Energy from this case because that is the most recent published case from this court, and I think it's clearly a Very different case from American Energy and as I was saying, I think you know That's evident in the fact that in American Energy the administrative law judge commingled medical reports commingled different elements of entitlement The judge considered all of the expert opinions together The judge kind of just made a blanket decision that those who said statements that were Similar to the preamble are credited those who did not are not credited in this case it's it's clear that the administrative law judge went into each and every one of the medical opinions and Provided a separate analysis for each and he did criticize and scrutinize the claimants evidence He said things like this report is limited to a single exam or as dr. Rosenberg's report Accredited a different set of experts, but the point we always Make with the abuse of discretion standard is that even if we would have have exercised their discretion differently That's not dispositive and even if we had If we felt we were going to credit a different Set of experts That's not dispositive in terms of it's not what it's not what we would have done It's what the trier of fact did do that's Maybe I can be persuaded That this is some big question of law, but I I'm not I'm not there yet It's it's not judge. It's not some big question of law. This is a case that's in the wake of American Energy It's very different and American Energy did not change the landscape American Energy simply states that a judge has to give the reasons why he credits an expert and discredits another and in this case The warning I would say from American Energy was completely met by this particular ALJ who did give those reasons those explanations who did apply the law American Energy also stated that the ALJ may very well have reached the very conclusion he did But we just don't know that's what this court was saying. The judge had not provided enough of an analysis hard to believe that The 27-year Smoking history I Don't know have How many pack what kind of a pack a day? smoking history is it's hard to believe that the 27 years of a smoking history Was not the major cause of What what happened here? I mean just as a Simple matter I would think that 27 years of Manifestly unhealthy habit supersedes 12 years in the coal mines but I don't know the Law doesn't read that way the law reads, you know, you can have contributing causes and if if one one thing is is a Significant cause or a material cause of the pneumoconiosis then that's a basis for Recovery So I can say to myself. Well the 27 years ought to be the major cause but it's also hard to believe that the 12 years wasn't a Substantial contributing cause and the 27 years Plus the 12 years of coal mine employment on top of that Just Ravage this this poor gentleman's lungs. Absolutely. That's to Two points in response to that the 12 years was actually 12 years at 12 hours a day Six days a week and I do think that's important because that's exposure. But Mr. Grigorochi made the point multiple times during his portion that The question should be which one is it? Is it coal mine dust exposure? Is it cigarette smoking which one contributed to the chronic obstructive pulmonary disease? That's not the right question. The question is was it solely coal mine dust exposure? Was it solely cigarette smoking or was it a combination of coal mine dust exposure and cigarette smoking? Mr. Grigorochi would have the court basically go in and reweigh the evidence and say You have to prove one or the other But the claimants experts in this case clearly do explain the very point you just made judge Wilkinson they said we're not eliminating the Significant cigarette smoking history, but we're also implicating this significant coal mine dust exposure history Those two things are both cumulative and additive to cause this man to be in the condition that he's in The judge didn't have to accept that opinion He didn't have to credit that opinion but that's a fact finders decision and when he was presented with two opinions that said I Believe it's only cigarette smoking and he was presented with three opinions that say we believe it's a combination Of cigarette smoking and coal mine dust exposure that's caused the impairment That boils down to a factual finding and a battle of the experts and this court standard is Can we figure out what the judge did and why the judge did it? The answer is clear He provided five separate paragraphs. He went in and analyzed each of the five reports separately He explained why he credited the physicians He did he explained why he discredited the physicians he did then at the end. He weighed them all together That's a model approach for a fact finder. That's what this judge did You can tell what he did why he did it and judge Wilkinson I really do believe that this case is a simple issue as you said A lot of this in your brief. I'm I have a lot of anything further You have to add that would be fine, but I'm gonna ask My friends on the panel whether they have some questions. I just need my We don't thank you, thank you judge Wilkinson, thank you judge Sneemeyer and thank you judge win We would respect you very much request the court to affirm the decision of the administrative law judge and the decision Affirming from the benefits council. We have no questions. Thank you judge All right Mr. Ritchie Thank your honor now my friend on the other side he He is truly a friend, but he has mischaracterized my position here. It's not was it smoking? Was it coal mine dust exposure? It's what? What three Three options is it could it be just smoking could it just be coal mine dust exposure? Could it be a combination of the two the problem is the ALJ looks at this and just says all right? I'm just gonna add up smoking coal mine dust exposure there. It is the formulas met now explain why it's not met That's the problem and when we get into this consideration. Is this a weighing of the evidence is this a battle the experts can we? Can this panel can these judges here can can you look at what the ALJ did well when looking at what the Administrative law judge did we also have to bear in mind the standards set by American Energy? And this is the problem in this case Quote an ALJ must not credit a physician's legal pneumoconiosis opinion as consistent with the preamble Merely because it identifies coal dust exposure and smoking as dual causes of a minors respiratory impairment yet That is precisely what the ALJ did now that quote applies directly to this case. I Cited in my brief and we've talked about the specific reasons that the ALJ gave well They're smoking this coal mine dust exposure. They got to combine. They must be additive There must be legal pneumoconiosis and now it's my friend on the other side Well, wait a minute the ALJ the administrative law judge gave due scrutiny to the medical experts Well, this is this is an assertion that is demonstrably false Dr. Forehand one of mr. Lawson's medical experts made a fundamental Misinterpretation and mischaracterization as to the pulmonary function testing evidence Dr. Forehand thought that there was no response to bronchodilator therapy and he said well that lack of response that points to the role played by coal mine dust exposure You know what the subsequent pulmonary function testing proves. Dr. Forehand's Assumption and conclusion completely invalid because the subsequent pulmonary function testing does show the response that he thought didn't exist Now had the ALJ actually looked at this evidence and actually Assessed the rationale and not applied some formula. We might have a different conclusion as to dr Forehand his opinion is based on Inaccurate data he could fundamentally misinterprets pulmonary function testing evidence because he relies on that it's based on misinformation and this court in Lane v. Union Carbide Corporation has said that such an opinion is Completely invalid and unreliable. The ALJ just didn't pay attention to it because why? There's smoking. There's coal mine dust exposure. Let's add them up. There you go. That's legal pneumoconiosis. That's false It's also prejudicial error. So what we have here Mr. Lawson has the burden of proof the opinions from his experts are not sufficient to meet that burden The problem is not that they don't apportion or or identify specific contribution from smoking or coal mine dust exposure The problem is that his physicians opine that it's equally possible that mr Lawson has lung disease due to coal mine dust exposure or due to smoking or due to some combination of the two Nail J took that possibility and made it a reality by applying a formula. This is incorrect This is not sufficient under this court's precedent and American Energy Island Creek Coal v. Compton us steel mining company wv CWP fund v. Mullins for these reasons your honors I would respectfully urge that this decision give it do scrutiny give the administrative law judge do scrutiny look at the rationale Supposedly provided by the administrative law judge you'll see simply identifying the existence of these two causes which was found invalid in American Energy and I urge it to reverse the award of benefits Thank you, sir. Good. Thank you We will come down and greet the attorneys. We thank you both and then we'll move into our final case
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, James Andrew Wynn